IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


UNITED STATES OF AMERICA,

          Plaintiff,

v.                               CRIMINAL ACTION NO. 2:22-cr-00198-02

HANNAH ELIZABETH BARBEE,

          Defendant.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the Defendant's letter-form *Request for Sentence Reduction* (Document 114) (sealed), wherein she requests a sentence reduction under the applicable Guidelines.   For the reasons stated herein, the Court finds that the motion should be denied.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   *Id.* at § 3582(c)(1)(A)(i).   See *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe

complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation).   The analysis requires a fact-specific inquiry into the defendant's circumstances and offense.

On July 27, 2023, the Court imposed a sentence of 57 months of incarceration as a result of the Defendant's guilty plea to conspiracy to distribute 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 846.   For the purpose of sentencing, Ms. Barbee was attributed a total of 244.492 grams of a mixture of fentanyl.   The Bureau of Prisons Inmate Finder indicates an anticipated release date of June 8, 2026.

Ms. Barbee requests that the Court reduce her sentence.   She states that she has taken significant steps towards rehabilitation by participating in vocational training, culinary and restaurant programs, drug education, job fairs, women's retreats, mental health counseling, and various Adult Continuing Education (ACE) classes.   She states that taking the ACE classes and participating in other programming has helped her build a sense of responsibility and community. Ms. Barbee has remained incident free while in federal custody and works as a morning food service worker at FCI Tallahassee.

Ms. Barbee also offered facts relevant to the criteria set forth in U.S.S.G. § 1B1.13(b)(4). At the Court's direction, the United States Probation Office of the Southern District of West Virginia conducted an investigation to determine if Ms. Barbee's request met the criteria set forth in § 1B1.13(b)(4).   After contacting Ms. Barbee's Case Manager, Probation concluded the Defendant does not appear to meet the requirements for a sentence reduction as set forth in U.S.S.G. § 1B1.13(b)(4).

The Court finds that Ms. Barbee is not an appropriate candidate for a sentence reduction. Ms. Barbee neither meets the criteria for a sentence reduction under § 1B1.13, nor do the § 3553(a) factors support early release.

At sentencing, the Court found that fourteen controlled buys of a mixture containing fentanyl were attributable to Ms. Barbee. Ms. Barbee also has several prior convictions. She has been convicted of theft, assault, criminal endangering, menacing, permitting drug abuse, drug trafficking, drug possession, drug paraphernalia, and driving with a suspended license. She has previously failed to comply with probation and was imprisoned as a result. Ms. Barbee's previous sentences have been relatively short. Her current 57-month sentence is the longest sentence she has received yet for her criminal conduct, and it was at the bottom of her Guidelines range. Early release would lead to unwarranted disparity with other defendants convicted of similar conduct. The risk to the public, given Ms. Barbee's past conduct and potential for recidivism, weigh against early release. When considering the nature of Ms. Barbee's offense, the need to protect the public, deterrence and the other 3553(a) factors, the Court finds that early release is not appropriate.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Request for Sentence Reduction* (Document 114) (sealed) be **DENIED.** The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    February 25, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3